```
FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendant
CITY OF SEWARD
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT A. LONG, ) | |
| ) | Case No. A05-0044 CV [RRB] |
| Plaintiff, ) | |
| ) | RESPONSE TO "PLAINTIFF MOVES |
| vs. ) | FOR THE COURT TO SUPPLY A COURT |
| ) | OFFICER FOR THE DEPOSITION OF |
| CITY OF SEWARD, ) | Mr. DIENI, ON 1-2-06, ROOM No. |
| ) | 153, THIS COURT BUILDING, 9:00 |
| Defendant. ) | AM WITHOUT COST TO PLAINTIFF DO |
| _____ ) | TO COST WAVER STATUS OF |
| | PLAINTIFF" |

COMES NOW Defendant CITY OF SEWARD, by and through its attorney, FRANK S. KOZIOL, and hereby responds to "Plaintiff Moves for the Court to Supply a Court Officer for the Deposition of Mr. Dieni, on 1-12-06, Room No. 153, This Court Building, 9:00, AM Without Cost to Plaintiff do to the Cost Waver Status of Plaintiff" dated December 30, 2005 as follows:

INTRODUCTION

Plaintiff sent a subpoena and a letter to Michael

Dieni dated December 18, 2005.  (Exhibit A)  These documents were not sent to defense counsel by Plaintiff.  The subpoena set forth no specific time nor place for the deposition but asked Mr. Dieni to determine the time and place.

Mr. Dieni contacted defense counsel about the subpoena.  A time and place was discussed.  As a result, defense counsel sent to Plaintiff and Mr. Dieni a letter dated December 27, 2005 proposing a time and place convenient to Mr. Dieni and defense counsel.  (Exhibit B)  The letter requested that Plaintiff advise whether the proposed date and time was acceptable to Plaintiff.  Also, the letter advised Plaintiff that the deposition had to be recorded and that someone be present to administer the oath.

Plaintiff then filed the subject motion.

## ARGUMENT

PLAINTIFF, NOT THE COURT, IS REQUIRED TO ARRANGE FOR THE RECORDING OF THE DEPOSITION AND THE OATH ADMINISTRATION.

Federal Rule 30(a)(2) requires that all depositions be recorded.  Also, Federal Rule 28(a) requires that the deposition be taken before someone who can administer oaths.  The burden of arranging for compliance of these rules is on Plaintiff, not this Court.  Plaintiff's request for this Court to incur such costs should be denied.

Response to "Request to Set Aside the Close of Discovery"
*Long v. City of Seward*, Case No. A05-0044 CV [RRB]
Page 2 of 3

A reasonable reading of Plaintiff's motion suggests that Plaintiff will attend the deposition on January 12, 2006 at the Federal Office Building, Room 153. Both Mr. Dieni and defense counsel will be attending. Plaintiff should be advised that a failure to attend or cancel the deposition may have consequences if Plaintiff fails to attend.

<u>                              CONCLUSION                         </u>

Plaintiff's motion for this Court to incur deposition-related costs should be denied. Plaintiff should be ordered to comply with the applicable rules for depositions.

DATED at Anchorage, Alaska, this 6th day of January, 2006.

>  LAW OFFICE OF FRANK S. KOZIOL
>  Attorney for Defendant City of Seward
>
>  By: <u>s/ Frank S. Koziol</u>
>      Frank S. Koziol
>      ABA No. 7210054

THIS IS TO CERTIFY that a copy of the foregoing was served by mail upon Robert A. Long, at his address of record, this <u>6th</u> day of January, 2006.

<u>    /s Frank S. Koziol          </u>
     Frank S. Koziol

Response to "Request to Set Aside the Close of Discovery"
*Long v. City of Seward*, Case No. A05-0044 CV [RRB]
Page 3 of 3