FILED
DEC 08 2003
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff - Appellee,<br>v.<br>ROBERT A. LONG,<br>Defendant - Appellant. | No. 02-30325<br>D.C. No. CR-02-00031-AK-JWS<br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted December 1, 2003**
Seattle, Washington

Before: BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

Robert Long appeals from his conviction on three counts of threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). We presume that the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

EXHIBIT A
Page 1 of 4 Pages

parties are familiar with the facts of the case and refer to them only as necessary in this disposition. For the reasons stated below, we affirm.

1. Because U.S. Marshal Ron DeWitt's testimony only described the facts surrounding the pre-indictment investigation of Long, it did not intrude upon the jury's role of determining the existence of a threat. The district court, therefore, did not abuse its discretion in allowing DeWitt to mention that he had "concerns" with Long after the interview in Seward. Moreover, given the numerous pleadings Long filed and the overall strength of the government's case, any error in allowing these few statements from DeWitt did not affect the verdict. See United States v. Ramirez, 176 F.3d 1179, 1182 (9th Cir. 1999).

2. The district court properly concluded that the statement regarding McVeigh was "highly probative on the issue of whether a reasonable person would foresee that the judicial officers would understand the February Statements to be threats of serious harm." Although the statement possibly incited some emotional response in the jurors, Federal Rule of Evidence 403 only forbids introduction of evidence that "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir. 1987) (emphasis added). Accordingly, given that the court issued a limiting instruction

and thoughtfully weighed the probative value against the potential for prejudice, it did not abuse its discretion in admitting the challenged statement.

3. Simply because Long had not acted on his threats in the past, however, does not necessarily mean that a reasonable recipient would not perceive the February statements as threats. From the abundant evidence presented at trial, it is clear that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Carranza, 289 F.3d 634, 641-42 (9th Cir.), cert. denied, 537 U.S. 1037 (2002). Accordingly, there is no manifest injustice for us to correct. See United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1200-01 (9th Cir. 2000).

4. Long argues that the court's jury instructions regarding the definition of "threat" inadequately reflected Long's theory of the case that there was a reasonable doubt whether a reasonable person would foresee that his February 2002 statements would be taken literally.

Long's theory that his February 2002 statements failed to rise to the level of seriousness contemplated by the case law was adequately conveyed in the court's instructions. Any variation between Long's proposed instructions and those



EXHIBIT A
Page 3 of 4 Pages

ultimately chosen by the court therefore does not constitute reversible error.

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 30 2003

by: Candy
Deputy Clerk



EXHIBIT A
Page 4 of 4 Pages