FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendant
CITY OF SEWARD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT A. LONG, ) | Case No. A05-0044 CV [RRB] |
| Plaintiff, ) | |
| ) | AFFIDAVIT OF LOUIS BENCARDINO |
| vs. ) | |
| ) | |
| CITY OF SEWARD, ) | |
| Defendant. ) | |

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

    LOUIS BENCARDINO, being first duly sworn upon his oath, makes the following statements based on personal knowledge, except as otherwise indicated:

    1. I am a resident of the City of Seward. I was the Police Chief of the City of Seward from early 1975 until October, 1991.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

EXHIBIT  I
Page  1  of
  9   Pages

2. My acquaintance with Robert A. Long began after I left my position as the City Police Chief. I got to know him while we were both patrons of a local coffee shop.

3. After criminal charges were filed against Mr. Long in Anchorage Federal District Court, Mr. Long requested that I appear as a witness on his behalf at a bail hearing. I agreed to do so. I was prepared to testify that I did not consider Mr. Long to be a threat of harm to the people of Seward.

4. I traveled to Anchorage to attend the bail hearing. I was prepared to testify but was never called as a witness. I do not know why I was not called.

5. At no time did anyone, including any City of Seward employee or official, past or present, do anything in an attempt to prevent me from testifying on Mr. Long's behalf. Recently, Mr. Long suggested to me that someone had tried to intimidate me and keep me from testifying on his behalf. I told Mr. Long this was not true. No one attempted to intimidate me or prevent me from testifying on Mr. Long's behalf. Furthermore, I would not permit such intimidation if it had occurred.

6. I have read Attachment 1 to this affidavit which is a document authored by Mr. Long. Specifically, I deny as

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Affidavit of Louis Bencardino
Long v. City of Seward, Case No. A05-0044 CV [RRB]
Page 2 of 3

EXHIBIT I
Page 2 of 9 Pages

untrue that anyone, including the persons named on pages 3 to 5 of Attachment 1, tried to stop me from being a witness on Mr. Long's behalf at the bail hearing and I deny telling anyone that this had occurred. Furthermore, I deny as untrue that anyone, including the persons named on pages 3 to 5 of Attachment 1, tried to stop me from providing any affidavit about anyone's actions regarding my appearing as a witness for Mr. Long.

7. FURTHERMORE, your affiant sayeth naught.

_____
LOUIS BENCARDINO

SUBSCRIBED AND SWORN TO before me this __19__ day of __September 19__, 2005.



_____
Notary Public in and for Alaska
My Commission expires: _in office_

FRANK S. KOZIOL
ATTORNEY AT LAW
810 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Affidavit of Louis Bencardino
Long v. City of Seward, Case No. A05-0044 CV [RRB]
Page 3 of 3

EXHIBIT I
Page 3 of 9 Pages

1  ROBERT A. LONG
2  PRO SE,
3  P.O. BOX, 3526,
4  SEWARD AK.
5  99664

JUL 0 6 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ROBERT A. LONG,

    Plaintiff,

V.

CITY OF SEWARD,

    Defendant.

Ak. Case No. 3-KN-04-555-CI
Void Fed. No. A05-0044-CV-(RRB).
IN SPECIAL APPERANCE,
ANSWERS TO INTERROGATORY
ORDERED BY THE COURT

    Plaintiff, Robert A. Long, comes now before the District Court, in answer to Defendants Interrogatory by Court Order, Plaintiff having answered those questions within his perso[nal] knowledge, the Court having in Prejudice to the Defendants Denied Subpoenas of Witnesses to Plaintiff required to gain valid answers to the Defendants Interrogatory, the Court has in Prejudice t[o] the Defendants Denied Plaintiff a Court Order for the Defendants to answer Plaintiffs Interrogatory[,] Court has in Prejudice to the Defendants Denied Plaintiff Hearings and Witnesses to Establish tha[t]

P. 1 of 5.

EXHIBIT I
Page 4 of 9 Pages

1. Plaintiffs Complaint is Founded and the Civil Rights Violations and Criminal Acts of the Defendants
2. Actors took place, the Court is Setting on other of Plaintiffs Motions, "these actions of this Judge are
3. Contended taken do to this Case Leading to the Criminal Prosecution of Other Anchorage, Federal
4. Judges for Falsifications of Federal Court Documents, Criminal Conspiracy to Cover Up Federal
5. Felony Crimes in Other Cases, this Judge in Criminal Conspiracy having Dismissed this Case some
6. two years ago as a Suit against the State of Alaska, [the State not named as a Defendant], this Judge
7. having acted in other of Plaintiffs Cases, to Retain Clearly Disqualified Judges, that these Judges cou
8. Continue the Conspiracy to Cover Up the Criminal Falsifications of Court Transcripts and Other
9. Criminal Acts and Actions, [in hard headed stupidity this Plaintiff Continues Attempts to Gain Justi
10. in a Criminal Court, before Corrupt Judges]!

11.                 ANSWERS TO INTERROGATORY BY THE NUMBERS.

12.     (1).(A).Chapman- Brossow-Tiner-Reiley, Bruce Tiner now a Lt. Seward, Police Dept. Mr.
13.        Reiley, [first name unknown], believed to be the past Seward City Attorney, believed to no
14.        be the Seward, City Clerk, the Defendants have all other information, I do not.
15.     (2).Bencardino, the Defendants have all other personal information.
16.     (3).United States V. Long, A02-031-CR-(JWS).
17. P. 2 of 8.

EXHIBIT I
Page 5 of 9 Pages

1  (4).The exact date and place will have to come from Mr. Bencardino, as well as other facts, as I
2  understand from Mr. Bencardino, Mr. Chapman, had a meeting with him, attempted to stop
3  Mr. Bencardino, from acting as a third party for bail and as a Defense Witness in the USA. V.
4  Long, Malicious Prosecution, this was first told to me by Mr. Dieni, US. Public Defenders
5  Office, then by Mr Bencardino, it is my belief that Lt. Tiner was with Mr. Chapman at this
6  Meeting making Tiner an Actor.
7  After Trial in US. V. Long, I contacted Mr. Bencardino, to obtain the Affidavit on the
8  Chapman, action, [that Mr. Bencardino, has promised to provide], Mr. Bencardino, informed
9  me he could no longer provide the Affidavit do to threats by Mr. Brossow, against his State
10 Job, his Personal Business and Standing in Seward, Mr. Bencardino, also informed me that h
11 would not provide the Affidavit do to the involvement of Mr. Brossow, who is like a Son to
12 him, Mr. Bencardino, informed me in this call placed to his home from Cook Inlet Pretrial,
13 that a Mr. Reiley, was with Mr. Brossow, at this event, Mr. Reiley, the then City Attorney as
14 understand.
15 (5).Mr. Bencardino, Mr. Dieni, the Public Defenders Investigator, I do not have her name Mr.
16 Dieni, can provide it, Connie Bencardino, Mr. Bencardino, will have to provide Connie's,
17 Address, to date he refuses to provide it to me.
18 Mr. Cardino, is expected to testify that Chapman attempted to stop him from acting as a
19 Defense Witness in USA. V. Long, Mr. Bencardino, is expected to Testify that Brossow, ac
20 to stop him from providing the Affidavit on the Chapman, actions, and that Tiner, and Reile
21 P. 3 of 5.

EXHIBIT I
Page 6 of 9 Pages

were involved with Testimony that he, Mr. Bencardino, informed Mr. Dieni, and his

~~investigator of the Criminal action of Chapman, with the names of others he Mr. Bencardino,~~

informed of the actions, to include his present Wife, her name not remembered.

(1)(B).Chapman-Brossow-Tiner-Reiley, with the probability of others not yet known.

(2)Mr. Bencardino, the Defendants have the other information.

(3)USA. V. Long.

(4).Again I do not have the facts in this matter do to the Threats against Mr. Bencardino, who refuses to talk to me, but as before stated, Mr. Chapman is contended to have Interfered with Mr. Bencardino, acting as a Defense Witness, Mr Brossow, is contended to have acted to sto Mr. Bencardino, from providing an Affidavit for Post Trial Action in USA. V. Long, and the USA, V. Long, Appeal, Tiner, is believed to have been with Chapman at the Chapman actio and a Mr. Reiley, is believed to have been with Mr. Brossow, during his action.

(5).Mr. Bencardino, Mr. Dieni, Mr. Dieni's, investigator, Connie Bencardino, Lt. Tiner, Mr. Reiley, and again I can not tell what the expected Testimony will be as the Witnesses refuse talk to me and as the Interrogatories sent go unanswered, and as the Court refused my Moti for Hearings or answers to Interrogatories or any other needful action.

(1)(C), These Questions the Court will note are the same as the (b), questions, only the wor Conspired is changed for Obstructed, the answers are the same for the (c), questions as the questions, [a Conspiracy is when more than one person act in the same criminal act or to co up the criminal act], these questions are answered.

P. 4 of 6

EXHIBIT I
Page 7 of 9 Pages

1  I have in good faith attempted to answer the Defendants Interrogatories, as the Court has Ignored
2  and Denied Protection Motions, as the Defendant Refuses to Answer Plaintiffs Interrogatories, as the
3  Witness Refuse to answer Interrogatories or talk to me, this under the conditions that exist is the best
4  that can be done, I cannot assume that the Witnesses will not commit perjury.

5  This is not a complicated matter, the questions are simple, did Chapman, interfere with
6  Bencardino, [Mr. Bencardino, informed me that Chapman did], did Brossow, interfere with
7  Bencardino, in providing the Affidavit on the Chapman, action, [Mr. Bencardino, informed me he did
8  the Facts are on their Face, that this is and was an important matter in USA. V. Long, in Post Trial, in
9  Appeal and in the Present Habeas Corpus Action in USA. V. Long, (if for no other reason other than
10 that this Criminal Interference with a Criminal Defense Witness being Ignored and Covered Up by m
11 Defense Attorney is Stand Alone Gross Ineffective Assistance of Counsel Requiring Automatic
12 Reversal), when that Counsel was Directly informed by the Defense Witness and as well, when the
13 Trial Judge was informed and Refused to act on this Crime, [in Criminal Abdication of Official
14 Duties], and the Judge in Court Orders Denies this Plaintiff, as Defendant in that Case, the Sentencin
15 Transcripts to Cover this and Other Bad Actions, these Facts if Plaintiff had not been Denied the
16 Bencardino, Affidavit would have lead with other wrongful actions to an Automatic Reversal of the
17 USA. V. Long, Conviction and a Chance of a Fair Trial.
18 P. 5 of 6

EXHIBIT I
Page 8 of 9 Pages

Again Plaintiff has Attempted to answer as best he could, had the Case Judge not acted in Prejudice in Denying the Plaintiffs Requested Hearing and Witness for Court Depositions this filing would not be necessary and for all intense and purpose the Case at an End Point do the Facts that would be before the Court.

This Judge has Disqualified him self in this Case by his Bad Faith Actions over the Years, this Judge in Complaining that I was attempting to have him do my Job in this Suit, in my Motions to have this Judge investigate the Criminal Acts Contended in Complaint, is Refusing his Official Duties under Law and the Judicial Cannon of Ethics, I have no Police Powers or True Investigatory Powers, the Parties in this Suit are Joined at the Hip Personally and in Business, were the Suit and the Charges not Valid this Corrupt Judge would have in Criminal Bad Faith again Dismissed this Suit, if this Judge does not believe my Complaints this Judge only has to Depose Mr. Dieni, US. Public Defenders Office Mr. Dieni, being the First Person Mr. Bencardino, informed of the Criminal Witness Tampering, [to not take this action in a Crime Involving his Court, simply shows that this Judge is Clearly Prejudice i this Case and in Abdication of Official Duties].

Dated at Seward Ak. on, 2-2-05.

I certify to have provided a copy to defense counsel, Frank S. Koziol, 618, Christensen Drive, Anchorage Alaska, 99501.

I certify the above to be true and correct to the best knowledge of the plaintiff under penalty of perjur

*[signature]*

P. 6 of 6.

EXHIBIT I
Page 9 of 9 Pages