FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendant
CITY OF SEWARD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT A. LONG, | ) |
| Plaintiff, | ) Case No. A05-0044 CV [RRB] |
| vs. | ) |
| CITY OF SEWARD, | ) MEMORANDUM IN SUPPORT OF |
| Defendant. | ) DEFENDANT'S MOTION FOR |
| | ) <u>SUMMARY JUDGMENT</u> |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . i

LIST OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . 1

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . 3

SECTION 1983 LAW . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.   PLAINTIFF HAS NOT SHOWN ANY CITY POLICY OR CUSTOM THAT WAS THE MOVING FORCE OF ANY VIOLATION OF RIGHTS. . . . . . 7

    II.  PLAINTIFF HAS NOT SHOWN THAT HIS CRIMINAL CONVICTION FOR THREATENING A FEDERAL JUDGE HAS BEEN INVALIDATED. . . . 7

    III. PLAINTIFF CANNOT SHOW THAT ANY DEFENDANT CONDUCT CAUSED HIS CONVICTION OR ANY OTHER HARM AND ANY DAMAGES THAT WOULD FLOW THEREFROM. . . . . . . . . . . . . . . . . . . 8

    IV.  PLAINTIFF HAS NOT MET HIS BURDEN OF PROOF TO SHOW WITNESS TAMPERING OCCURRED. . . . . . . . . . . . . . . . 8

    V.   THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S SECTION 1983 CLAIMS. . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 10

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## LIST OF EXHIBITS

Exhibits

| | |
|---|---|
| A | Memorandum in USA v. Long, No. 02-30325 |
| B | Excerpt of the transcript the bail review hearing on April 15, 2002 in USA v. Long, Case No. A02-0031 CR |
| C | Affidavit of Michael Dieni dated January 24, 2006 |
| D | Affidavit of Louis Bencardino dated February 17, 2006 |
| E | Affidavit of Louis Bencardino dated March 20, 2006 |
| F | Letter from Michael Dieni to Robert Long dated February 9, 2006 |
| G | Excerpt of the transcript of the trial by jury on May 29, 2002 in USA v. Long, Case No. A02-0031 CR |
| H | Affidavit of Robert Long dated February 8, 2006 |
| I | Affidavit of Louis Bencardino dated September 19, 2005 |
| J | Affidavit of Michael Chapman dated March 24, 2006 |
| K | Affidavit of David Brossow dated March 24, 2006 |
| L | Affidavit of Patrick Reilly dated February 24, 2006 |
| M | Docket Sheet in USA v. Long, Case No. A02-0031 CR |
| N | Plaintiff's Complaint Under 42 U.S.C. 1983 dated July 12, 2004 |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## INTRODUCTION

Plaintiff's original pleading entitled "Complaint Under 42 U.S.C. 1983" dated July 12, 2004, though not a model of clarity, alleges claims of witness tampering, obstruction of justice, and conspiracy to obstruct justice, in violation of 42 U.S.C. § 1983.

The thrust of the Complaint is that former City of Seward police officers "attempted to stop" a defense witness (Louis Bencardino [Bencardino]) from acting as a third-party custodian for bail release and from testifying at Plaintiff's criminal trial. (Complaint at 3) Plaintiff does not allege the attempts were successful.

Defendant will show it is entitled to summary judgment on various grounds. Defendant requests this Court rule on each of the contentions so that any later filings by Plaintiff can be addressed on collateral estoppel and res judicata grounds.

## STATEMENT OF THE CASE

Plaintiff was convicted of three counts of threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). (Exhibit A)

Bencardino, a former City of Seward police chief, testified on behalf of Plaintiff at a bail review hearing. (Exhibit B) Bencardino testified favorably for the Plaintiff.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
*Long v. City of Seward,* Case No. A05-0044 CV [RRB]
Page 1 of 11

He testified that he did not believe the Plaintiff was a violent person. (Exhibit B at 4) Bencardino also offered himself as an oversight third-party custodian. (Exhibit B at 5)

    Michael Dieni (Dieni), Plaintiff's former criminal defense attorney, in an affidavit, stated that probably in conjunction with the bail hearings, Bencardino told him that a ranking City of Seward police officer expressed disapproval of Bencardino's decision to speak in support of Plaintiff. (Exhibit C) Bencardino denied stating this to Dieni. Bencardino recalled telling Dieni that the Seward Police Department may not like his testifying on behalf of Plaintiff but that, if so, it would not matter to Bencardino. (Exhibit D)

    Bencardino also attended Plaintiff's trial in order to testify on Plaintiff's behalf. However, Bencardino was not called as a witness due to the trial judge's ruling that his proposed testimony of Plaintiff's reputation for peacefulness was not admissible. (Exhibits E, F, and G at 11-12)

    Plaintiff, in a non-notarized Affidavit dated February 8, 2006, asserts that both Dieni (based upon a conversation with Bencardino) and Bencardino told Plaintiff that former City of Seward Police Chief Michael Chapman (Chapman) threatened and intimidated Bencardino not to testify as a third-party bail custodian and not to appear as a defense witness at

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
*Long v. City of Seward*, Case No. A05-0044 CV [RRB]
Page 2 of 11

the trial. Plaintiff further alleges that Bencardino was to provide Plaintiff with an affidavit setting forth these facts but he informed Plaintiff he had changed his mind due to threats made by former City of Seward Police Chief David Brossow (Brossow) and a "Mr. Riley" (actually Patrick Reilly [Reilly], former City Clerk of Seward). (Exhibit H)

Bencardino denied that any city official ever attempted to interfere with his aiding Plaintiff for purposes of bail or trial. (Exhibit I) Witnesses Chapman, Brossow, and Reilly also denied they attempted to prevent Bencardino from assisting Plaintiff either at his bail hearing, his trial, or in obtaining an affidavit from Bencardino. (Exhibits J, K, and L)

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact. Id. at 323-25. Once the moving party has met this burden, the non-moving party must set forth evidence of specific

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
*Long v. City of Seward*, Case No. A05-0044 CV [RRB]
Page 3 of 11

facts showing the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant. Id. at 255. However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial. Id. at 248-49.

Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A dispute over a "genuine" material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
Long v. City of Seward, Case No. A05-0044 CV [RRB]
Page 4 of 11

247-248. The nonmoving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 322-323. However, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion. <u>Angel v. Seattle-First Nat'l Bank</u>, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.").

## SECTION 1983 LAW

Municipal bodies can be sued under § 1983. However, such entities do not have respondeat superior liability. Municipal bodies are only liable for wrongs resulting from the enforcement of a municipal policy or custom. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-691 (1978).

Section 1983 municipal liability may be imposed when (1) the enforcement of a municipal policy or custom was (2) "the moving force" of the violation of federally protected rights. <u>City of Canton v. Harris</u>, 489 U.S. 378, 385-391 (1989).

To sustain an action under § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law and (2) that this conduct deprived the plaintiff of a constitutional right. <u>Parratt v.</u>

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
*Long v. City of Seward*, Case No. A05-0044 CV [RRB]
Page 5 of 11

Taylor, 451 U.S. 527, 535 (1981).

The relevant causation question is whether the plaintiff was deprived of his constitutional right to a fair trial as a result of the defendant's action. The standard was set forth in Venegas v. Wagner, 704 F.2d 1144, 1146, n.1 (9th Cir. 1983): "In asserting denial of a fair trial, plaintiff has the burden of alleging (and proving) defendant's conduct proximately caused the conviction and damages which flow therefrom." See also, Venegas v. Wagner, 831 F.2d 1514 (9th Cir. 1987) (upholding the sufficiency of the evidence against two police officers and affirming a judgment notwithstanding the verdict which held the evidence was insufficient against another officer for witness tampering under § 1983.).

In Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), the Supreme Court held that in order to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has been invalidated by the state or by a federal writ of habeas corpus. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under Section 1983." Id. (Emphasis in the original)

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
Long v. City of Seward, Case No. A05-0044 CV [RRB]
Page 6 of 11

## ARGUMENTS

### I. PLAINTIFF HAS NOT SHOWN ANY CITY POLICY OR CUSTOM THAT WAS THE MOVING FORCE OF ANY VIOLATION OF RIGHTS.

Plaintiff asserts that several former City officials tampered with a witness in an attempt to prevent that witness from testifying on his behalf or otherwise aiding Plaintiff. Plaintiff has not alleged and cannot prove that it was City policy or custom to interfere with witnesses who the defense calls in criminal cases in either state or federal court. The Defendant is not liable vicariously for any acts of its employees without a showing that such acts were pursuant to a City policy or custom. See, Monell and City of Canton, supra.

Therefore, the Defendant is entitled to summary judgment on this ground.

### II. PLAINTIFF HAS NOT SHOWN THAT HIS CRIMINAL CONVICTION FOR THREATENING A FEDERAL JUDGE HAS BEEN INVALIDATED.

A prerequisite for the maintenance of this § 1983 claim is that Plaintiff must prove his criminal conviction is invalid. See, Heck, supra. However, Plaintiff's conviction has been affirmed on appeal. (Exhibit A)

Since Plaintiff cannot show his criminal conviction has been invalidated, the Defendant is entitled to summary judgment on this ground.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
*Long v. City of Seward*, Case No. A05-0044 CV [RRB]
Page 7 of 11

### III. PLAINTIFF CANNOT SHOW THAT ANY DEFENDANT CONDUCT CAUSED HIS CONVICTION OR ANY OTHER HARM AND ANY DAMAGES THAT WOULD FLOW THEREFROM.

Plaintiff claims that (1) an attempt was made to prevent Bencardino from acting as a third-party custodian and (2) there was an attempt to prevent him from testifying at Plaintiff's criminal trial.

Even assuming such attempts were made, it is undisputed that (1) Bencardino did offer himself as a third-party custodian at Plaintiff's bail hearing and (2) Bencardino was prohibited from testifying because his testimony was ruled inadmissible by the trial judge.

Therefore, Plaintiff cannot show the requisite causation link. See both Venegas cases, supra. Defendant is entitled to summary judgment on this ground.

### IV. PLAINTIFF HAS NOT MET HIS BURDEN OF PROOF TO SHOW WITNESS TAMPERING OCCURRED.

Plaintiff has made conclusory allegations that Bencardino was threatened and intimidated. The source of these allegations is Bencardino and Dieni, Plaintiff's former criminal defense attorney. However, conclusions are offered such as "threatened" and "intimidated" without factual support. Plaintiff does not set forth the words used by either Bencardino

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
Long v. City of Seward, Case No. A05-0044 CV [RRB]
Page 8 of 11

or Dieni in these conversations. Words are facts and are very important in assessing if a threat was made. For example, Dieni stated "disapproval" was expressed, something well short of a threat or intimidation. (Exhibit C)

Such conclusory assertions by Plaintiff, especially in light of all the contrary affidavits, does not meet the standard of proof required to defeat a summary judgment motion. See, Summary Judgment Standard section, infra. Defendant should be granted summary judgment on this ground.

V.  THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S SECTION 1983 CLAIMS.

Plaintiff's claims are barred by the applicable State of Alaska's two year statute of limitations.

The applicable tort statute of limitations for the State of Alaska is AS 09.10.070. This two year statute of limitations is applicable to § 1983 claims. Jenkins v. Daniels, 751 P.2d 19, 24 (Alaska 1988).

The trial in Plaintiff's criminal case occurred from May 28, 2002 until May 31, 2002. (Exhibit M at 7) Plaintiff asserts he was told of the alleged intimidation of Bencardino by Michael Chapman in March or April, 2002. (Exhibit H at 1) After his trial but while still incarcerated in the Anchorage Cook Inlet Pretrial Facility, Plaintiff alleges that he was told

Memorandum in Support of Defendant's Motion for Summary Judgment
Long v. City of Seward, Case No. A05-0044 CV [RRB]
Page 9 of 11

by Bencardino of threats made by Reilly and Brossow. While no date is given for this conversation in Plaintiff's affidavit, it was alleged in the Complaint that Brossow so acted in June-July 2002. (Exhibit N at 4) It is reasonable to assume that Reilly allegedly acted in the same time frame.

Plaintiff filed his Complaint in this action on July 13, 2004. (Exhibit N at 1) This date is more than two years after Plaintiff was told of the alleged Chapman intimidation and probably more than two years after the alleged Reilly/Brossow intimidation. In any event, it is clearly more than two years after any alleged intimidation of Bencardino that would have caused Plaintiff harm, i.e. more than two years after the conclusion of Plaintiff's criminal trial.

Therefore, Plaintiff's Complaint must be dismissed as a violation of the two year statute of limitations.

## CONCLUSION

For the aforementioned reasons, Defendant should be granted summary judgment.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
*Long v. City of Seward*, Case No. A05-0044 CV [RRB]
Page 10 of 11

DATED at Anchorage, Alaska, this 28TH day of March, 2006.

LAW OFFICE OF FRANK S. KOZIOL
Attorney for Defendant City of Seward

By: _____
Frank S. Koziol
ABA No. 7210054

THIS IS TO CERTIFY that a copy of the foregoing was served by mail upon Robert A. Long, at his address of record, this 28TH day of March, 2006.

_____
Frank S. Koziol

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant's Motion for Summary Judgment
Long v. City of Seward, Case No. A05-0044 CV [RRB]
Page 11 of 11