Robert A. Long
Pro Se.
Po Box 3526
Seward, Ak.
99664.
Phon-Fax,
907-224-3026.

RECEIVED
APR 1 3 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| ROBERT A. LONG, | Case No. 3KN-04-555-CI.. |
|---|---|
| Plaintiff, | Fed. No. A05-0044-CV-(RRB). |
| V. | IN SPECIAL APPEARANCE |
| CITY OF SEWARD, | PLAINTIFF'S ANSWER TO DEFENSE MOTION FOR SUMMARY JUDGMENT AND OPPOSITION. |
| Defendant. | |

    Plaintiff Comes, [Before the Defendant Friendly Court], in Opposition to the Defendant Motion for Summary Judgment Dismissal, Plaintiff Apposes Relying on Reality, Facts and Law, [those things Ignored by this Court]! Plaintiff States that No Discovery Means No Dismissal!

    Aside from the Common Custom of Judge Beistline, to Dismiss Plaintiffs Actions before Discovery, [Discovery Only becoming Ripe in Plaintiffs Actions After Dismissal then Moot], still Under Law Judge Beistline, Legally cannot Dismiss under the Existent Facts in this Case, [Aside from another Dismissal in Open Criminal Obstruction of Justice, in Special Beistline, Rules against Plaintiff, do to the Supported Crimes against Plaintiff by the Anchorage, Federal Judges], no Discovery no Dismissal..

    First, Summary Judgment Dismissals for No-Evidence, have become the Favored Scam of Government Defendants for Depriving Citizen of Relief and Justice, with the Denying of Plaintiffs of Discovery to Deprive the Plaintiffs of Support, by the use of Government Friendly Judges. [as in this case].

    The Standards for Summary Judgment, stated by Defense Counsel, Plaintiff does not Contest, but does Contest the Facts Stated by Counsel in Support, as Criminally Subverted, or Out Right Fraud.

P 1 of 7

1  Violating this Agreement he Offered to Plaintiff with Chapman, becoming the Arresting Officer in USA. V.
2  Long, without Federal Jurisdiction and Authority and in then Placing Plaintiff in Alaska State, Custody and
3  Jurisdictional Protection and not then by Legal Requirement, Transferring State, Jurisdiction to the Feds,
4  Chapman, Directly Attempting to Protect him Self and the City, from Liability in False Actions against
5  Plaintiff and Other Chapman, Actions.
6      (D), in that the Brossow, Actions were taken Directly, to Protect the City from Civil Liability from
7  Chapman's, Actions in Felony Defense Witness Tampering, is Per Se, a City Action, taken as Police Chief,
8  then Continues as Mayor is Actionable.
9      (E), again, the City, is a Ghost, Incapable of any Action of its own, only by its Actors can it act, [this
10 why, 1983, Suits Exist], to hold Government Accountable for the Actions of their Actors, (City, Public
11 Statements of their Actors Criminal Policy-Custom, is not Commonly Published), there is no Requirement
12 to Establish Written Custom and Policy, this is Established by Witness Testimony that the Defendants
13 Actors has Acted in this Manner Before, [this would be Established at this Time Except the Defendants
14 Refuse Discovery and the Judge Refused to Order Discovery and Protection Orders for Fearful Witnesses].
15     The Defendant fails in any Right to Summary Judgement Dismissal, the Actual Policy and Custom of
16 the City, is the Common Actions of its Actors, the Very Actions of the City, Denies it this Argument!
17
18      Argument (2), That Plaintiff has not shown that the USA. V. Long, Malicious Prosecution has not
19 been Invalidated.
20     (A), no Requirement Exist that the Crime of USA. V. Long, by Roberts-Singleton-Branson-Sedwick-
21 Holland-Beistline, Against the Plaintiff, be Invalidated against this Victim Plaintiff, this is not a Malicious
22 Prosecution Suit, this is not a False Imprisonment Suit, [as to the Appeal ~~Koziol~~ Plaintiff, Directs the Court to, the
23 11, pages of the Docket Sheet, Affirmatively Shows that the Appeal was a Farce and Sham, as was the Trial
24 and 2255, Shown by the Criminal Actions of Judge Beistline, in that Relief Action].
25     (B), in this Argument the Defendants are under Law Entitled not to Summary Judgement Dismissal but
26 Court Sanctions for Frivolous Arguments!
27 P 3 of 7
28

1    Argument (3), That Plaintiff cannot show that any defendants conduct caused his conviction or
2 harh...
3    (A), Plaintiff does not have to Show Actual Harm in a Government Civil Rights Violation, the Action
4 of the Violation is in its self Actual Harm and Damage, [On Its Face], the City's, Actors, by Intent, Acted to
5 Deprive Plaintiff of a Fair Trial and an Effective Defense, [in this Koziol, Defense Argument, it would
6 Follow, that because the City, [by its Actors], in an Attempt to Murder a Citizen Fails, the City would not
7 be Liability for Civil Rights Suit because they Failed to Murder the Citizen], [Again this is not a False
8 Prosecution Suit and this is not the Law].
9    (B), we have no way to Establish, if or not, Plaintiff would have been Effected by the Direct Criminal
10 Actions of the City, Actors against Bencardino, [this as Judge Sedwick, found out that the Defense
11 Witnesses would Testify on the Judge Roberts-Singleton, Criminal Actions against Plaintiff, Sedwick, with
12 Ex-Party Trial Jury Tampering, Obstruction of Justice and Other Criminal Acts Denied all Defense
13 Witnesses], but the Defense Witness Tampering, [again and again], is a Stand Alone Civil and Criminal
14 Acts against Plaintiff, no Further Showing need be made Other that that the Acts Occurred, Defense Fails
15 on this Issue do to the Fraud of the Argument.
16    (C), again Despite the Fraud of the Defendants, this is not a False Prosecution of False Imprisonment
17 Suit, this is a Suit for Federal Civil Rights Violations for Intended-Attempted-Actual Interference with a
18 Federal Criminal Defense in Action to Cover Up Civil Liability of the City and City Actors, [live with it].
19   Plaintiff in Actual Harm Showing, Need only show that the Denial of the Bencardino, Affidavit Denied
20 Plaintiff the Ability to Establish Ineffective Assistance of Defense Counsel, other Harms Judge Beistline,
21 has Denied Plaintiff the Right to Bring Up.
22
23    Argument (4), That Plaintiff has not met his Burden of Proof of the Witness Tampering.
24    (A), an Honest Attorney would not make this Argument at the same time as Criminally Denying
25 Required Discovery to a Plaintiff, this Argument Falls and should be Sanctioned.
26 P 4 of 7
27
28

1  (B), Koziol. State that Plaintiff has not even placed before the Court the Actual Words used by
2  Bencardino, and Dieni, when they Informed Plaintiff of the Witness Tampering, [Koziol, does have little
3  shiny balls in this Argument as in his Summary Judgement Document in Support, Koziol. Re-Produces
4  Plaintiff Filings with in little, "{{{ }}}," and in these little, "{{{ }}}," Marks are the Words are Contained
5  that Bencardino, and Dieni, Spoke to Plaintiff Informing Plaintiff or the Felony Witness Tampering.
6  (C), as Judge Beistline, is Ass Deep with Judge Sedwick, in USA. V. Long, Criminal Misconduct, it
7  would seen Judge Beistline, could not Rule on any thing in this Case do his History of Criminal Conflict of
8  Interest and Obstruction of Justice.
9  (D), Plaintiff does not have to Provide Proof of the Witness Tampering at this Time, [and cannot
10 Support by Witness Testimony, do the Obstructions of Justice in Judge Beistline, Refusing to Protect
11 Witnesses], this is not a Matter of Law for a Judge, it's a Matter Fact, that Only the Trial Jury can make,
12 [this issue is also Denied to the Defendants in argument do to the Denial of Discovery by the Defendant,
13 the Criminal Denial of Witness Protection by the Court, with the Defendant and Court Obstruction of
14 Justice Actions, in Denying Plaintiff any Ability to Support the Actual Charges).
15
16 Argument (5), (My Personal Favorite), That the Suit is Barred by Statutes of Limitation.
17 (A), first the Judge Beistline, Criminal Obstruction of Justice in the Criminal Dismissal of this Suit
18 when Originally filed in 2003, [in Common Beistline, Fraud, that it was a Suit against the State of Alaska,
19 barred by 11th Amendment Immunity, with the State of Alaska, Named as a Defendant IN NO MANNER
20 OR FORM], this would Bump the Statute of Limitation Bar, but is Un-Required in this Ongoing Criminal
21 Enterprise of the City and its Actors to Include Bencardino.
22 (B), the Statute of Limitations begins Running When, a Party could Reasonable become Aware of all
23 the Acts and Actors, and all the Harms and Damages, these two Conditions are not Existent Even at this
24 Date. [Sees Repeated Denials of Discovery be Defendant to Plaintiff].
25 (C), the Statute of Limitations Bars to Suit, do not Apply to On Going Active Criminal Conspiracies,
26 as Each and Every New Involved Action, Set the Time Bar A-New, the Perjury in this Case, with the Other
27 p 5 of 7
28

1  Criminal Acts of the Defendants Actors Resets the Time Bar, the Discovery Denials by the Defense being
2  Obstruction of Justice Actions in Further Conspiracy to Cover Up, Toll the Bar Each Day of this Case
3      (D), the Argument of Time Bar Fails, and is a Sanctionable Action of the Defendant as Frivolous,
4  [Defense Counsel Koziol, is not a Pro Se, a New Attorney, and knows better in all his Arguments, and
5  Should be Sanctioned, Plaintiff does not Forget that Beistline, in Self Protection and Defense, acts for the
6  ~~p 5 of 7~~

8  Defense and Against this Plaintiff, and will not Sanction the Defense for In Court Criminal Actions, but
9  will Act against Plaintiff on any False Charge that can be Created, and Only Does Not, as the Charge
10 Would Open Court Denied Transcripts and Records to Plaintiff Resulting in Federal Judges being
11 Prosecuted].

13     The Court for the Above, and those Reasons that Plaintiff doesn't bother to Make, Must Dismiss the
14 Summary Dismissal Motion as Intended Obstruction of Justice by Frivolous Motion, [even as the Court
15 acts as Co-Defense Counsel], Actual Facts Barr's all Arguments of the Defense and all Arguments in
16 Support of Summary Judgment to the Defendants in Dismissal, and as all Issues in this Suit, under the
17 Reasonable Standard Test, are under Genuine Issue and Effective Contest, this Judge can not under Law
18 Grant for the Defendants, (((and again the Defendant and Counsel, should before any Honest Judge, be
19 Considered for Sanctions, Plaintiff has never made any Un-Supported Charge against any Party, all Charges
20 Supported by Court Records, [in Beistline's Possession], and the Criminally Denied by the Court, Courts
21 Records to Plaintiff))), the Criminal Charges made by Plaintiff of the Seward, Police Department being
22 used as a Wall Mart, are Supported between the Seward, Police Property Records and the Anchorage,
23 Property Disposal Records, the Plaintiffs Witnesses Fears of Actual Retaliation can be Established before
24 the Court by Subpoenas for an Issue Hearing, Defense Claims and Charges are Un-Supported in any Form
25 and are Sanctionable in their Fraud .
26 P 6 of 7

1  Plaintiff Moves that the Defendant, Summery Dismissal Motion be Ruled as Frivolous, Dismissed
2  and Sanctions be Ordered, for Cause.

3
4  Plaintiff Moves for all Plaintiffs Discovery Motions to be Granted.

5
6  Plaintiff Motions for Civil Sanctions in Monitory Fines be Imposed against the Defendant, and
   Granted to Plaintiff as the Harmed Party for Defendants Actions.
7

8  Plaintiff Moves for a Subpoenaed Court Ordered, Affidavit, Written by the Court, from the Head of
9  the Alaska State, Kenai, Prosecutors Office, for a List of Every Prosecution Dismissed, Plea Bargained
10 Down, or Otherwise Effected by Missing Evidence from the Seward, Police Evidence Property
11 Department.[Plaintiff does not act to have the Judge do his work but acts in the Reality of the Frustration of
12 Every Lawful Attempt of Plaintiff to Gain Discovery, Document Support and Witnesses in this Case].

13
14 Plaintiff Motions for a Court Ordered Affidavit, Written by the Court, to the 17, year Jailer and
   Property Officer, in Seward, Alaska, "Officer Mooter," on any and all Police Evidence, Officer Mooter, has
15 Knowledge and/or, Suspicion of, Missing from the Seward, Property Department over the Years. [Plaintiff
16 does not act to have the Judge do Plaintiffs Work, but acts in this Manner do to the Government, and Court
17 Frustration of all Plaintiffs Discovery Attempts].
18

19 Plaintiff Re-Motions for a Subpoena of Access to the Seward, Alaska, Police Evidence Property
20 Department, with a Second Subpoena to the Anchorage, Evidence Property Disposal Department to
21 Support Missing Property from Seward, Contended moved to Anchorage, for Disposal that is not
22 Contained in the Anchorage, Received Property Records.

23
   I certify the above to be true and correct to the best knowledge of the Plaintiff under penalty of perjury.
24 I certify to have served Defense Counsel Koziol, a copy in Anchorage Ak.
25 Dated on, _____ .                         _____ .
26                                                      Robert A. Long,            Pro Se.
27 p 7 of 7.
28