IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT A. LONG,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF SEWARD,<br><br>      Defendant. | Case No. 3:05-cv-0044-RRB<br><br>**<u>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE</u>** |

      Before the Court, at Docket 92, is Defendant's Motion for Summary Judgment in which Defendant requests, for a variety of reasons, that Plaintiff's claims be dismissed with prejudice. Plaintiff opposes Defendant's motion, at Docket 95, in which he reverts to vulgarity and obscenities and continues to attack this Court as well as others.  Unfortunately, there does not appear to be anything that this Court can do to assure Plaintiff that the rulings in this matter are based solely on the law and the facts without any personal animus directed at Plaintiff.  If the Court felt that there was any substance to Plaintiff's claims, it would say so and would gladly deny Defendant's Motion for Summary

Judgement.  But the Court is obligated to follow the law and cannot be intimidated by Plaintiff's threats.  Therefore, for the reasons set forth below, the Court concludes that Plaintiff's claims against the City of Seward are baseless, both in law and in fact, and do not set forth a legal cause of action.  Defendant's Motion for Summary Judgment must consequently be **GRANTED** and this case be **DISMISSED** in its entirety.

## I. FACTS

Plaintiff was convicted of three counts of threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B), which conviction was upheld upon appeal.  Plaintiff has served the sentence imposed as a result of this conviction and is no longer on supervised release.  This lawsuit arises from events related to the aforesaid criminal action.  In short, Plaintiff alleges that the City of Seward engaged in witness tampering, obstruction of justice, and conspiracy to obstruct justice by threatening and/or intimidating one Louis Bencardino and attempting to stop Bencardino from acting as a third-party custodian for bail release and from testifying on Plaintiff's behalf at trial.

## II. DISCUSSION

The facts of this case totally belie Plaintiff's allegations.  Bencardino has set forth clearly, by way of affidavit, that no one from the City of Seward attempted to stop

him from assisting Plaintiff.  And each of the persons Plaintiff has alleged threatened Bencardino (Chapman, Brossow, and Reily,) have denied in sworn affidavits ever having done so. Further, Bencardino affirms that had such efforts occurred he would have given them no heed.  Most importantly, however, is the uncontroverted fact that Bencardino did come to Plaintiff's aid. He testified telephonically at Plaintiff's bail hearing and actually traveled to Anchorage from Seward for the purpose of testifying at trial.  The only reason Bencardino did not testify was because the trial judge ruled that the proposed character evidence was inadmissible.  In short, Bencardino did exactly what he wanted to do with regard to Plaintiff and exactly as Plaintiff's counsel had requested.  There simply was no interference, no harm, and absolutely no prejudice to Plaintiff.  And there is no causal connection between the alleged conduct of the City of Seward and the damages Plaintiff alleges.  There is no genuine dispute as to the facts set forth above. Therefore, Defendant is entitled to summary judgment as a matter of law.

Plaintiff has also failed to show that there was any City policy or custom that was the moving force behind the alleged violation of his rights. Moreover, as set forth above, there is no evidence to show that any violation of rights occurred.  Other than Plaintiff's unsworn allegations, there is absolutely no evidence of

any inappropriate conduct on the part of the City of Seward or of any of its employees.  Under these facts, summary judgment must be granted.

Defendant has set forth various other theories justifying summary judgment that Plaintiff has not adequately responded to or refuted and has pointed to Plaintiff's continued vulgar and disparaging attacks on both court and counsel.  The Court agrees with Defendant and would dismiss the case for any of these reasons as well.  However, it is not necessary to address these additional arguments for, as set forth above, there is no factual or legal basis upon which a reasonable jury could find in favor of Plaintiff in this matter.  Plaintiff's complaint is frivolous on its face and must be dismissed as a matter of law and in the interest of justice.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is hereby **GRANTED**.  Plaintiff's lawsuit is **DISMISSED** in its entirety.

Given the dismissal of this case, all other pending motions are hereby **DENIED AS MOOT**.

### IV. NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of his right to appeal this Order and Judgment to the United States Court of Appeals for the

Ninth Circuit, pursuant to the Federal Rules of Appellate Procedure. Any appeal must be filed within 30 days of the final judgment entered herein as set forth in Rule 4, Rules of Appellate Procedure.

ENTERED this 27th day of April, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE